**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHARLES GRAGG and DELORES GRAGG,**<br><br>    **Plaintiff(s),**<br><br>    **vs.**<br><br>**UNITED STATES OF AMERICA** *et al.***,**<br><br>    **Defendant(s).** | **Case No.: 12-CV-03813 YGR**<br><br>**SECOND ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

    Plaintiffs Charles and Delores Gragg filed this taxpayer suit to recover a refund for taxes alleged to have been erroneously assessed for losses from rental real estate activity. In their Complaint, Plaintiffs allege that under 26 U.S.C. § 469 Ms. Gragg is a real estate professional and deductions for real estate rental losses should not have been disallowed as passive activity losses.

    The parties have filed their second cross-motions for summary judgment, again asking the Court to make an advisory ruling on a legal issue, which the Court will again decline to provide—whether the rental activities of a real estate professional are subject to the material participation requirements of 26 U.S.C. § 469 and/or 26 C.F.R. § 1.469-5T.[1] The Court declined to decide this legal issue devoid of the factual context of this case, denied the parties' first set of cross-motions for summary judgment, and provided the parties an opportunity to refile their motions.[2]

---

[1] Although the government has reframed the issue as whether the Plaintiffs are entitled to a tax refund, it seeks the same advisory ruling on whether a real estate professional is subject to the material participation requirement.

[2] Plaintiffs have submitted substantially the same motion that the Court already considered and denied. Plaintiffs' motion is **DENIED**, again.

Having carefully considered the papers submitted and the evidence in the record, the Court finds that there still are insufficient facts in the record to determine whether any party is entitled to a judgment as a matter of law. Determining whether a tax was erroneously assessed requires consideration of, *inter alia*, the specific reason the tax was assessed. Because the parties failed to provide this and other basic facts of this case, the Court **DENIES** both motions.[3]

I.  **BACKGROUND**

Plaintiffs Charles and Delores Gragg are a married couple that filed joint tax returns for tax years 2006 and 2007. According to the Complaint, "Delores Gragg is a full-time licensed real estate agent who has been providing professional real estate services in Alameda and Contra Costa County since 1996. Mrs. Gragg often works 7 days a week and performs activities which include but are not limited to: 1) selling, renting, or leasing property; 2) offering to do those activities 3) negotiating the terms of a real estate contract; 4) listing of real property for sale, lease, of exchange; and 5) procuring prospective sellers and purchasers." (Complaint ¶ 9.) Based upon these real estate activities, the parties agree that Mrs. Gragg qualifies as a "real estate professional" under the Internal Revenue Code, 26 U.S.C. § 469(c)(7)(B).

In both the 2006 and 2007 tax years, Plaintiffs claimed deductions for losses from rental real estate activity. On their 2006 Joint Federal Income Tax Return, Plaintiffs claimed $22,553.00 as a net loss "from all rental real estate activities in which [Mrs. Gragg] materially participated under the passive activity loss rules." (Dkt. No. 15-1 at 12-13.) On their 2007 Joint Federal Income Tax Return, Plaintiffs claimed $20,390.00 as a net loss "from all rental real estate activities in which [Mrs. Gragg] materially participated under the passive activity loss rules." (*Id.* at 31-32.)

The Internal Revenue Service ("IRS") examined Plaintiffs' Joint Federal Income Tax Returns for the 2006 and 2007 tax years and disallowed the rental real estate deductions. Neither the Complaint nor the parties' briefs identify the specific reason that these deductions were disallowed. After careful inspection of the exhibits attached to the government's first motion for summary

---

[3] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for June 11, 2013.

2

judgment, the Court found the following explanation in the IRS's notices of deficiency for disallowing the claimed losses from rental real estate activities:

> Passive losses and credits can be offset by passive income[.] … Since your losses from such activities were in excess of the passive income, the special allowance, and the phase-in rule, the excess loss has been denied. … Rental activities of any kind, regardless of material participation, are considered passive activities unless the requirements of section 469(c)(7) of the Internal Revenue Code are met in tax years beginning after December 31, 1993.

(Dkt. Nos. 12-1 at 19-20, 12-2 at 11, 15-1 at 53-54.)

The Graggs filed a Claim for Refund for tax years 2006 and 2007.[4] The parties do not identify the specific reason on which the Graggs based their refund request; after sifting through the record, the Court noticed that both Claims for Refund provide the following explanation: "Taxpayer is a real estate professional and as such is not subject to the Internal Revenue Code's passive loss limitations which the IRS disallowed." (Claims for Refund for Tax Years 2006 & 2007, at Dkt. No. 15-1, at 76 & 77 (all capital letters in original).) According to the Complaint, both claims for a refund "were rejected." (Complaint ¶ 4.) The parties have provided no facts or evidence of the reason(s) the IRS disallowed the claims for refunds. Thereafter the Graggs filed this lawsuit seeking a refund.

## II.   DISCUSSION

Congress has provided taxpayers with a cause of action to recover internal revenue taxes alleged to have been erroneously or illegally assessed or collected. *See* 26 U.S.C. § 7422(a).[5] As the party seeking a tax refund, Plaintiffs bear the burden to show that the assessment was incorrect—meaning "arbitrary, excessive or without foundation." *Palmer v. U.S. I.R.S.*, 116 F.3d 1309, 1312 (9th Cir. 1997); *see Davis v. C.I.R.*, 394 F.3d 1294, 1298 n.2 (9th Cir. 2005) ("The taxpayer bears the burden of showing that he or she meets every condition of a tax exemption or deduction."). There is a presumption of correctness that attaches to notices of deficiency issued by

---

[4] Although the government does not challenge the (material) fact that the Graggs paid the tax assessment, the parties have not identified such evidence in the record. The evidence proffered by the government in support of the fact of payment is that the Graggs have requested a refund.

[5] Plaintiffs' Complaint incorrectly identifies this statute as the basis for the Court's jurisdiction. The Court has jurisdiction pursuant to 28 U.S.C. § 1346.

the IRS. *Palmer*, *supra*, 116 F.3d at 1312; *Cook v. United States*, 46 Fed. Cl. 110, 114 (Fed. Cl. 2000) ("presumption of correctness 'is a procedural device which requires the taxpayer to come forward with enough evidence to support a finding contrary to the Commissioner's determination.'") (quoting *Rockwell v. Commissioner*, 512 F.2d 882, 885 (9th Cir.), *cert. denied*, 423 U.S. 1015 (1975)). To be entitled to this presumption, however, the government must come forward with a basis for its assessment. *United States v. Janis*, 428 U.S. 433, 442 (1976) (assessments that are "naked and without any foundation" are not presumed correct); *Palmer*, *supra*, 116 F.3d at 1312 ("Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation").

### A. SUMMARY JUDGMENT STANDARD

Both parties have filed a motion for summary judgment. Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. ANALYSIS

For the majority of the material facts in this case, the parties have not identified the factual basis for their entitlement to a judgment as a matter of law or identified the evidence that demonstrates the absence of a genuine issue of fact. Before the Court can decide whether a tax has been erroneously assessed (or if Plaintiffs are entitled to a tax refund due to an erroneously assessed tax), the parties must provide the Court with the material facts of this case, including the basis for the assessment. As set forth in the Background section, Part I above, the parties have not provided the *specific* factual basis for the IRS's decision to assess the tax, the basis for Plaintiffs' Claim for Refund, the basis for the IRS's denial of the Claim for Refund, or identified the undisputed evidence of same. Without knowing the specific factual context of the case, the parties are asking the Court to issue an advisory opinion based on a hypothetical set of facts.

The real issue the parties want the Court to decide is whether a hypothetical real estate agent's rental real estate activity should be classified as non-passive activity for purposes of Section 469 of the Internal Revenue Code.  Neither party has shown that if the question is answered in their favor, then they will be entitled to judgment as a matter of law.  The Court previously declined to issue an advisory opinion on this issue and declines to do so again here.

## III.   CONCLUSION

For the reasons set forth above, the parties' Cross-Motions for Summary Judgment are **DENIED**.

This Order Terminates Docket Numbers 25 & 27.

**IT IS SO ORDERED**.

**Date: June 10, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**